UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. WILLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | NO. CV 06-7349 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

  Charles A. Willis filed this action on November 21, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 16 and 22, 2007. On September 12, 2007, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

  Having reviewed the entire file, the Court affirms the Commissioner's decision.

///

///

///

## I.

## PROCEDURAL BACKGROUND

On January 9, 2004, Willis filed applications for disability insurance benefits and for supplemental security income benefits.  A.R. 18.  The Commissioner initially denied the application.  *Id.*  Willis requested a hearing.  *Id.*  On November 21, 2005, the Administrative Law Judge ("ALJ") conducted a hearing at which Willis and a vocational expert testified.  A.R. 497-532.  On January 27, 2006, the ALJ issued a decision denying benefits.  A.R. 18-24.  On September 12, 2006, the Appeals Council denied the request for review.  A.R. 7-9.  This lawsuit followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if not supported by substantial evidence or based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada,* 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

## B. The ALJ's Findings

The ALJ made the following findings. The alleged onset of Willis' disability was March 1, 2000. A.R. 23. He suffered from the following severe impairments: spinal stenosis, lumbosacral disc protrusion, and degenerative joint disease. *Id.*

Willis' residual functional capacity permitted him to lift and/or carry 20 pounds occasionally and 10 pounds frequently. *Id.* In an 8-hour day, Willis could sit, stand and/or walk up to 6 hours. *Id.* He could "push and/or pull with his lower extremities on a limited basis; and occasionally climb, balance, stoop, kneel, crouch and crawl." *Id.*

Willis was unable to perform his past relevant work. *Id.* However, he could perform the work of a sales clerk. *Id.*

## C. Plaintiff's Subjective Complaints

"[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and internal quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and internal quotation marks omitted). If the ALJ has not found that the claimant is a malingerer, his "reasons for rejecting the claimant's testimony must be clear and convincing." *Id.* (citation and internal

quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

Here, the ALJ did not find that Willis was a malingerer. However, the ALJ found that his subjective complaints were "not credible except to the extent they are consistent with the residual functional capacity, as discussed further herein." A.R. 23. The ALJ's reasons for discrediting Willis's credibility were (1) Willis was working part-time as a sales clerk; (2) he was also going to college full-time; (3) his part-time work (12 hours a week) and his college (34 hours a week) was the equivalent of a 40-hour workweek; (4) his other daily activities included driving five days a week, carrying a school backpack, and socializing with fellow students; (5) he had little medical treatment until November 2003; (6) he had no epidural pain blocks; (7) he refused surgery; (8) he was taking few pain medications; (9) he was noted as noncompliant with his back treatment; (10) he testified that he was in vocational rehabilitation without presenting evidence in support of his assertion;[1] and (11) he alleged the wrong disability onset date. A.R. 21.

There was substantial evidence to support each of the ALJ's reasons for discrediting Willis's subject complaints. The ALJ reasonably relied on inconsistencies in Willis' allegations. Willis testified that he was injured on July 20, 2000, but he alleged that the onset of his disability was on March 1, 2000.[2]

---

[1] Willis testified he was a client of the California Department of Rehabilitation. A.R. 524.

[2] "[T]he absence of clinical or other objective justification for Brawner's claims, as well as Brawner's misrepresentations and falsification of records in the course of pursuing disability benefits, amply supported the ALJ's finding that '[n]either the claimant nor his spouse were credible in their assertions as to the severe pain and substantial work limitations alleged by the claimant.'" *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (per curiam).

A.R. 501-02. He testified that he continued to work, even after he was injured. A.R. 501-02, 505-06.

Willis' daily activities may form the basis for an adverse credibility finding because he is able to spend a substantial part of his day engaged in activities that are transferable to the work setting. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999). Willis testified that he began part-time work as a sales associate at General Nutrition Center on September 5, 2005. A.R. 505, 512. As of the hearing in November of 2005, he was working three days a week, four hours a day. *Id.* He spends most of the four hours he works standing. A.R. 513.

Willis is also a full-time student at Compton Community College, carrying 14 units. A.R. 513-14. He averages 14 hours a week in class, and an additional "20 hours plus" a week doing homework. A.R. 514, 515. He drives to school and socializes with his classmates. A.R. 514, 517. He lifts his schoolbooks daily and carries a schoolbag with books to and from school every day, which is about 1/4 to 1/2 a mile. A.R. 118. He drives at least 15-20 minutes per day, five days a week. *Id. See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("[T]he claimant is attending school three days a week, an activity which is inconsistent with an alleged inability to perform all work."); *Sorenson v. Weinberger*, 514 F.2d 1112, 1118 (9th Cir. 1975) (noting in disability discussion that plaintiff "was regularly attending school at the university level, working six or seven hours a day in classes, studying at other times and driving his auto to school"); *see Markham v. Califano*, 601 F.2d 533, 534 (10th Cir. 1979) (ability to attend school may be considered by Secretary in assessing disability).

Unexplained or inadequately explained failure to seek treatment or noncompliance with treatment may form the basis for an adverse credibility finding. *Burch*, 400 F.3d at 681 (lack of consistent treatment and failure to seek

treatment may be considered in assessing credibility as to severity of pain); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (failure to follow prescribed course of treatment is a relevant factor in assessing credibility). Willis did not see a doctor at all in 2002, and he did not see a doctor in 2003 until November. A.R. 508. The doctors recommended physical therapy, but Willis had not been doing his exercises. A.R. 525. On November 2, 2005, his medical records indicate noncompliance with treatment. A.R. 385. Willis takes two pain medications a day. A.R. 120.

Accordingly, substantial evidence supports the ALJ's credibility determinations. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Morgan*, 169 F.3d at 600; *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ's reasonable interpretation of testimony cannot be second-guessed).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 7, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge